CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 07 2023

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case Nos. 4:14CR00014 |
| ) | 4:14CR00009 |
| ) | |
| v.   ) | **OPINION AND ORDER** |
| ) | |
| **PATRICK VINCENT CROWE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.   ) | |

*Kelly J. McGann, Assistant United States Attorney, Roanoke, Virginia, for United States; Andrea Harris, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*[1]

Patrick Vincent Crowe, who was previously sentenced by the late Judge Jackson L. Kiser of this court, has filed a motion for early termination of supervised release. For the following reasons, I will deny Crowe's motion.

I.

In 2014, Crowe pled guilty in Case No. 4:14CR00014 to one count of theft and embezzlement from an employee benefit plan and one count of failure to truthfully account for and pay over withheld federal payroll taxes. That conviction,

---

[1] I also acknowledge the fine assistance to the defendant by law student Sam Armstrong and the Federal Sentence Reduction Clinic at the University of Virginia School of Law.

along with Crowe's utterance of a fraudulent check in violation of Rhode Island law, also amounted a violations of Crowe's supervised release in Case No. 4:14CR00009.

Crowe was sentenced on August 25, 2014, to a total term of imprisonment of 120 months, which consisted of 110 months for the convictions in Case No. 4:14CR00014 and 10 months for the supervised release violation in Case No. 4:14CR00009, plus 3 years of supervised release. In April 2022, Crowe's term of imprisonment was reduced to time served. His term of supervision began on April 12, 2022.

The United States Probation Officer who supervises Crowe reports that Crowe has performed well on supervision. The officer indicates that there is a gap in Crowe's restitution payment history from April 2022 to August 2022, when Crowe was homeless and was waiting on his social security benefits to restart, but that he has otherwise remained compliant. Moreover, she reports that Crowe scored a low/moderate on his risk assessment, meaning he has a low risk of recidivism.

The government opposes early termination, highlighting that the defendant is a repeat offender. The government also contends that the defendant has not identified any hardship caused by his supervision.

II.

A court may terminate a term of a supervised release at any time after the expiration of one year of supervised release if the court is satisfied that such

termination is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3583(e)(1). In making such determination, the court must consider certain factors set forth in 18 U.S.C. § 3553: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. *Id.* §§ 3583(e), 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

A court's decision to grant early termination is discretionary, even when the defendant has satisfied the conditions for termination. *United States v. Robinson*, Nos. 7:91-CR-00036, 7:91-CR-00153, 2023 WL 3457890, at *2 (W.D. Va. May 15, 2023). Neither time nor compliance is sufficient to warrant termination, "[b]ut allocation of scarce resources counsels in favor of terminating supervision in cases

where services and oversight are no longer needed." *Id.* (quotation marks, citations, and alterations omitted).

I turn to the applicable § 3553(a) factors and the facts of this case. The circumstances of the offense, as well as Crowe's criminal history, and the need to protect the public and deter future criminal conduct weigh against early termination. Crowe was involved in a sophisticated embezzlement scheme in which he purchased a business, took out loans he never intended to repay, and retained employees' payroll deductions. He did this while on supervised release after being convicted of similar crimes in the District of Rhode Island in 2008. He has an extensive criminal history, consisting of various frauds and financial crimes, including the issuance of bad checks, making false statements to banks, bank larceny, wire fraud, and bankruptcy fraud, and passing forged instruments, spanning from 1974 to 2014. He also has convictions for arson and domestic battery.

As highlighted by the defendant, he is now 71 years old, he has numerous medical issues, and he has been categorized as having a low risk of recidivism. Nonetheless, I find that the defendant's pattern of illegal conduct, including offenses he committed in his 60s, counsel against early termination, as does the fact that many of the crimes Crowe committed were of the type for which his ability to reoffend would likely not be affected by his physical health.

As for Crowe's established sentencing range, he faced a maximum term of supervision of three years. At present he has served less than half of his term of supervision. He also still owes restitution, which weighs against early termination. None of the other applicable § 3553(a) factors weigh either in favor or against early termination.

The purpose of supervision is to provide a "bridge or transitional period" from incarceration back to the unstructured world outside of prison. *United States v. Hamilton*, 986 F.3d 413, 418 (4th Cir. 2021). Remaining on supervised release, with the structure and guidance provided by his probation officer, will continue to provide Crowe the support bridge to what hopefully will be crime-free life after supervision ends. Accordingly, considering the applicable § 3553(a) factors, I find it appropriate to deny termination in this case.

### III.

For the forgoing reasons, it is it is **ORDERED** that the Motion for Early Termination of Supervised Release, ECF No. 97, is DENIED.

ENTER: July 7, 2023

/s/  JAMES P. JONES
Senior United States District Judge