CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
September 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | )<br>)<br>) Case Nos. 4:14CR00009<br>)          4:14CR00014<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **PATRICK CROWE a/k/a**<br>**PATRICK VINCENT CROWE,** | ) JUDGE JAMES P. JONES<br>)<br>) |
| Defendant. | ) |

*Patrick Crowe, also known as Patrick Vincent Crowe, Pro Se Movant; Krista Consiglio Frith, Assistant United States Attorney, Roanoke, Virginia, for United States.*

The defendant has filed a pro se motion self-entitled "Motion to Set Restitution" (Motion), in which he seeks an order from this Court preventing the United States from reducing a Federal Tort Claims Act (FTCA) award to him from the United States by setting off the amount of restitution owed by him as a result of judgments in these criminal cases. The Motion has been fully briefed and is ripe for decision. For the reasons stated, the Motion will be denied.

I.

As recited in the government's brief, and not disputed by Crowe, the facts are as follows.

In 2008, Crowe pled guilty in the District of Rhode Island to two counts of theft from an employee benefit program and two counts of failure to account for and pay over withheld federal payroll taxes. As part of his sentence, on January 30, 2009, the court ordered him to pay $275,750.75 in restitution to four non-federal victims: United Health Group, Blue Cross Blue Shield of RI, CSC Paymaster, Inc., and Drew Oil Corporation. The Court ordered the full amount of restitution due immediately and ordered Crowe to pay interest on the restitution. As of this filing, Crowe as paid $3,525.72 over the past 16 years. Because of Crowe's failure to make restitution payments, the United States placed this debt in the Treasury Offset Program after sending him the requisite notice of its intent to do so in April 2017.

In 2014, while on supervised release for his 2009 conviction, Crowe uttered a fraudulent check in Rhode Island and embezzled from an employee benefit plan in Virginia, resulting in the transfer of his supervision to this district [renamed as case No. 4:14CR00009] and new charges. In August 2014, Crowe pled guilty [in case No. 4:14CR00009] pursuant to a written Rule 11(c)(1)(C) plea agreement to one count of theft and embezzlement from an employee benefit plan, in violation of 18 U.S.C. § 664, and one count of failure to truthfully account for and pay over withheld federal payroll taxes, in violation of 26 U.S.C. § 7202.

. . . .

This Court sentenced Crowe on August 29, 2014, and ordered Crowe to pay a $200 special assessment and $173,949.01 in restitution to the Internal Revenue Service, Optima Health, and 18 individuals. Judgment, Case No. 4:14-cr-14, ECF No. 15. The Court waived interest on this restitution and ordered the restitution due immediately, subject to a payment schedule during Crowe's term of incarceration and supervised release.

To date, Crowe has not made any payments on the restitution in case no. 4:14-cr-14. Crowe's co-debtor has paid $15,326.02, however, leaving an unpaid balance of $158,622.99. Due to Crowe's failure to make restitution payments, the United States also placed this debt in the Treasury Offset Program after sending him the requisite notice of its intent to do so in October 2015. . . .

Resp. Opp'n to Mot. 2–4, Case No. 4:14CV00009, Dkt. No. 63 (citations and footnote omitted). Accordingly, Crowe then owed a total of $430,848.02 in restitution.

In 2028, Crowe sued the United States in the Eastern District of North Carolina under the FTCA claiming that he had been injured because of medical malpractice while an inmate at FMC Butner. On May 20, 2025, the parties agreed to a settlement of Crowe's FTCA claims for the sum of $400,000. The written agreement, signed by Crowe and his lawyer, provided that

> The parties agree that the Settlement Amount will be subject to a Treasury Offset Program ("TOP") offset of $306,100.59 for Plaintiff's non-federal criminal restitution in case number 4:14-cr-14 and 4:14-cr-9 in the Western District of Virginia and to any other debts in TOP that are subject to collection.

Stipulation for Compromise ¶ 3(a)(2), 4:14CR00009, Dkt. No. 59. The United States agreed to limit the amount of restitution subject to TOP to "the amount of unpaid non-federal victim restitution." Resp. Opp'n to Mot. 5 n.3, 4:14CR00009, Dkt. No. 63. One of the recipients of the restitution, the Connecticut Office of Child Support Services, claiming $206,874 for child support owed by Crowe, has agreed to remit $100,000 of that sum to Crowe's attorney for payment of his attorney's lien arising from the malpractice settlement. *Id.* at Ex. 3, Dkt. No. 63-3.

## II.

Crowe argues in his Motion that the TOP offset leaves him without adequate funds to provide for his future medical and personal needs resulting

from his prison injury. He alleges that he is now wheelchair bound and lives alone. He also contends that his victims had either been compensated for their losses by writing it off or no longer have a legal existence, thus justifying relief from the Court.

The government opposes the defendant's Motion. While I find the government's arguments all valid, I note in particular that Crowe's acceptance of the TOP offset in the written terms of the FTCA case settlement, also signed by his attorney, should necessarily preclude the relief sought.

III.

For these reasons, it is **ORDERED** that the Motion, Dkt. No. 57, is DENIED.

ENTER: September 3, 2025

/s/ JAMES P. JONES
Senior United States District Judge